IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| **SERGIO SALINAS, #28225-078** | § | |
| | § | |
| VS. | § | **CIVIL ACTION NO. 4:20cv341** |
| | § | **CRIMINAL ACTION NO. 4:18cr73(1)** |
| **UNITED STATES OF AMERICA** | § | |

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Movant Sergio Salinas filed a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255, asserting violations concerning his Eastern District of Texas, Sherman Division conviction. The motion was referred to the undersigned United States Magistrate Judge for findings of fact, conclusions of law, and recommendations for the disposition of the case pursuant to 28 U.S.C. § 636, and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to the United States Magistrate Judge. For the reasons discussed below, the Court recommends the § 2255 motion be denied.

**I. BACKGROUND**

Movant was charged with conspiracy to possess with the intent to distribute one kilogram or more of a mixture or substance containing a detectable amount of heroin, in violation of 21 U.S.C. § 846. Movant pled guilty to the charge pursuant to a written plea agreement on February 9, 2019. Crim. ECF Dkt. #61. A plea hearing was held on April 11, 2019, in which Movant's plea agreement was entered under seal, as well as a factual basis and findings of fact. *Id.* Dkt. # 59, 61-64. On August 13, 2019, the District Court sentenced Movant to two hundred and ten months' imprisonment. *Id.* Dkt. #81. Movant did not file an appeal, but filed the instant

§ 2255 motion on March 1, 2020, the date he states he placed it in the prison mail system. *Spotville v. Cain*, 149 F.3d 374, 377 (5th Cir. 1998) (the timeliness of petition for determining the effective date of the AEDPA limitations deadline depends on the date prisoner delivered his papers to prison authorities for filing).

In the § 2255 motion, Movant claims he is entitled to relief based on ineffective assistance of counsel. The Government filed a response (Dkt. #7), stating that an evidentiary hearing is required concerning Movant's allegation that Counsel failed to file a timely notice of appeal after being instructed to do so. Movant filed a Reply (Dkt. #8) to the Government's Response, stating that he did not object to an evidentiary hearing. On March 30, 2023, an evidentiary hearing was conducted to determine whether Movant requested that Counsel file an appeal (Dkt. #12). For the reasons discussed below, the Court recommends that Movant's § 2255 motion be denied.

## II. STANDARD FOR FEDERAL HABEAS CORPUS PROCEEDINGS

As a preliminary matter, it should be noted that a § 2255 motion is "fundamentally different from a direct appeal." *United States v. Drobny*, 955 F.2d 990, 994 (5th Cir. 1992). A movant in a § 2255 proceeding may not bring a broad-based attack challenging the legality of the conviction. The range of claims that may be raised in a § 2255 proceeding is narrow. A "distinction must be drawn between constitutional or jurisdictional errors on the one hand, and mere errors of law on the other." *United States v. Pierce*, 959 F.2d 1297, 1300-1301 (5th Cir. 1992) (*citations omitted*). A collateral attack is limited to alleging errors of "constitutional or jurisdictional magnitude." *United States v. Shaid*, 937 F.2d 228, 232 (5th Cir. 1991). Conclusory allegations, which are unsupported and unsupportable by anything else contained in the record, do not raise a constitutional issue in a habeas proceeding. *Ross v. Estelle*, 694 F.2d 1008, 1011-12 (5th Cir. 1983).

The role of Section 2255 has been defined by the Fifth Circuit as follows:

> Section 2255 provides relief for a petitioner who can establish that either (1) his sentence was imposed in violation of the Constitution or laws of the United States, (2) the sentencing court was without jurisdiction to impose the sentence, (3) the sentence was in excess of the maximum authorized by law, or (4) the sentence is otherwise subject to collateral attack.

*United States v. Seyfert*, 67 F.3d 544, 546 (5th Cir. 1995) (citations omitted). "Section 2255 does not reach errors of constitutional or jurisdictional magnitude that could have been reached by a direct appeal." *Id.* Similarly, "issues raised and disposed of in a previous appeal from an original judgment of conviction are not considered in § 2255 motions." *United States v. Kalish*, 780 F.2d 506, 508 (5th Cir. 1986) (citing *United States v. Jones*, 614 F.2d 80, 82 (5th Cir. 1980)); *United States v. Goudeau*, 512 F. App'x 390, 393 (5th Cir. 2013).

### III. INEFFECTIVE ASSISTANCE OF COUNSEL

Movant pled guilty pursuant to a written plea agreement, but reserved for review (a) a sentence exceeding the statutory maximum as well as (b) claims of ineffective assistance of counsel. Movant does not assert he received a sentence exceeding the statutory maximum, raising only a claim of ineffective assistance of counsel for counsel's alleged failure to file a timely notice of appeal.

A convicted defendant's claim that counsel's assistance was so defective as to require reversal of a conviction requires the defendant to show the performance was deficient and the deficient performance prejudiced the defense so as to deprive the defendant of a fair trial. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). "Failure to make the required showing of either deficient performance or sufficient prejudice defeats the ineffectiveness claim." *Id*. at 700. A movant who seeks to overturn his conviction on the grounds of ineffective assistance of counsel must prove his entitlement to relief by a preponderance of the evidence. *James v. Cain*, 56 F.3d

662, 667 (5th Cir.1995). The standard requires the reviewing court to give great deference to counsel's performance, strongly presuming counsel exercised reasonable professional judgment. *Strickland*, 466 U.S. at 690. The right to counsel does not require errorless counsel; instead, a criminal defendant is entitled to reasonably effective assistance. *Boyd v. Estelle*, 661 F.2d 388, 389 (5th Cir. 1981).

A movant "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694. Movant must "affirmatively prove," not just allege, prejudice. *Id*. at 693. If he fails to prove the prejudice component, a court need not address the question of counsel's performance. *Id*. at 697. When a movant pleads guilty, as in this case, he must also show that, but for trial counsel's alleged deficient performance, he would not have pled guilty and would have insisted on going to trial. *Hill v. Lockhart*, 474 U.S. 52, 57-59 (1985).

Movant's sole issue is that Counsel was ineffective for failing to file a notice of appeal. The Court conducted an evidentiary hearing to determine whether Movant is entitled to relief pursuant to *United States v. Tapp*, 491 F.3d 263 (5th Cir. 2007). A *Tapp* issue concerns whether Movant was denied an appeal due to ineffective assistance of counsel. In *United States v. Gipson*, 985 F.2d 212 (5th Cir. 1993), the Fifth Circuit was confronted with the issue of whether counsel's actions caused Gipson to lose his right to appeal. The Court held that prejudice occurs where a defendant relies upon his attorney's unprofessional errors, and such reliance results in the denial of a defendant's right to appeal. *Gipson*, 985 F.2d at 215 (citing *United States v. Green*, 882 F.2d 999, 1003 (5th Cir. 1989)). If a movant can prove that ineffective assistance of counsel denied him his right to appeal, then he need not further establish that he had some chance of success on

appeal. Gipson, 985 F.2d at 215 (citations omitted). The Supreme Court subsequently came to the same conclusion, holding that when an attorney fails to file a notice of appeal when requested to do so, the defendant need not demonstrate that he would have been able to raise meritorious issues on appeal to show that his attorney was ineffective. *Roe v. Flores-Ortega*, 528 U.S. 470, 477-78 (2000). More recently, the Fifth Circuit held that "if the petitioner is able to demonstrate by a preponderance of the evidence that he requested an appeal, prejudice will be presumed, and the petitioner will be entitled to file an out-of-time appeal, regardless of whether he is able to identify any arguably meritorious grounds for appeal that would not be precluded by the terms of his appeal waiver." *Tapp*, 491 F.3d at 266.

A.   ***Tapp* Evidentiary Hearing**

   **1. Testimony of Movant - Sergio Salinas**

At the *Tapp* evidentiary hearing, Movant testified that, immediately after his sentence was announced, while still in Judge Mazzant's courtroom, he told Counsel he wanted to appeal. Dkt. #13 at 7. Specifically, he said, "after I got sentenced, as I was walking back from the podium back to the holding cell, I asked my attorney to file an appeal, but I was told that I waived my rights to appeal." *Id.* Movant believed his sentence was excessive; thus, he said that he wished to appeal. Movant further said that he did not talk to Counsel again after sentencing. *Id.* at 8. Movant claimed that he did not understand the paragraph in his plea agreement in which it discussed his Waiver of Right to Appeal. *Id.* at 9. In response, the Government's Counsel showed Movant a copy of his plea agreement that included the Waiver of Right to Appeal paragraph and Movant confirmed that it was his signature on the back page. *Id*. Movant maintained that he did not remember "going through this specific paragraph here." *Id*. at 10. Movant conceded he did not speak to Counsel again concerning an appeal "because he told me that I waived my right to appeal. So that's why I didn't

5

push the issue further." *Id*. at 11. He conceded he did not call or write Counsel concerning an appeal, nor did anyone else on his behalf. *Id*.

### 2. Testimony of Trial Counsel - Richard Weaver

Counsel Richard Weaver testified that he reviewed every paragraph of the Plea Agreement with Movant, including the Waiver of Right to Appeal paragraph. *Id*. at 15. Counsel stated that he advised Movant that he had the right to appeal, but he would be waiving most of those rights by the terms of the Plea Agreement. *Id*. In response to Movant's account that he told Counsel he wanted to appeal, Counsel said, "I never got that request." *Id*. at 16. He further explained:

> Once the sentencing was finished, Mr. Salinas was taken off to the side by the Marshals and I left the room. There were other sentencing, other things going on, and I packed up my stuff and left. I never had another conversation with Mr. Salinas after the sentencing.

*Id*. On cross-examination, Counsel reiterated that Movant "did not ask me to appeal his case." He further stated, "There would have been no reason for me not to file a Notice of Appeal if he'd asked for it." *Id*. at 17.

### B.   Findings and Conclusions

At the *Tapp* evidentiary hearing, Movant conceded that, other than his comment immediately following sentencing, he did not communicate with Counsel again. Movant claimed he did not recall Counsel advising him about the Waiver of Right to Appeal paragraph contained in the Plea Agreement. On the other hand, Counsel testified that Movant never asked for an appeal. He further stated that there was no reason not to file a Notice of Appeal if Movant had asked. Counsel also testified that he explained each paragraph of the Plea Agreement to Movant, including the Waiver of Right to Appeal paragraph.

6

A review of the record shows that Movant was thoroughly advised concerning his appellate rights. His rights were explicitly outlined in his Plea Agreement and the Magistrate Judge and the District Judge both admonished Movant at his plea and sentencing hearings. Crim ECF (Dkt. ## 61, 90-91). In fact, at Movant's sentencing hearing, Judge Mazzant advised:

> You have the statutory right to appeal your sentence under certain circumstances, particularly if you believe your sentence is contrary to law. However, you can waive some of those rights as part of your plea agreement, and you have entered into a plea agreement which waives certain rights to appeal your conviction and sentence. With the exception of the grounds reserved in your plea agreement, you have waived any right to appeal in this case. Such waivers are generally enforceable, but if you believe the waiver is not enforceable, you would need to present that theory to the Appellate Court.

*Id*. at 11. Judge Mazzant lastly advised Movant that he had fourteen days to file an appeal, that the Clerk of Court would file a notice of appeal on his behalf if he wished, and that appellate counsel would be appointed if Movant was determined to be indigent. *Id*. At that time, Movant did not tell the Court that he wished to appeal, nor is there a record of any such request in the record.

After reviewing the evidence in the record and evaluating the credibility of the witnesses at the *Tapp* evidentiary hearing, the Court finds that Movant failed to meet his burden of showing by a preponderance of the evidence that he directed Counsel to file an appeal. Movant fails to show Counsel was ineffective in this regard, or that he is entitled to an out-of-time appeal pursuant to *Tapp*.

### IV. CONCLUSION

In conclusion, Movant fails to meet his burden in showing that Counsel's performance was deficient or that, but for Counsel's alleged deficient performance, the result of the proceedings would have been different. *Strickland*, 466 U.S. at 694. Movant fails to show that he instructed Counsel

to file an appeal; accordingly, he is not entitled to an out-of-time appeal pursuant to *Tapp*. For these reasons, the motion should be denied.

## V.  CERTIFICATE OF APPEALABILITY

An appeal may not be taken to the court of appeals from a final order in a proceeding under § 2255 "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(B). Although Movant has not yet filed a notice of appeal, it is recommended that the court, nonetheless, address whether he would be entitled to a certificate of appealability. *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000) (A district court may *sua sponte* rule on a certificate of appealability because "the district court that denies a [movant] relief is in the best position to determine whether the [movant] has made a substantial showing of a denial of a constitutional right on the issues before the court. Further briefing and argument on the very issues the court has just ruled on would be repetitious.").

A certificate of appealability may issue only if a movant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). The Supreme Court fully explained the requirement associated with a "substantial showing of the denial of a constitutional right" in *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). In cases where a district court rejected constitutional claims on the merits, the movant must demonstrate "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.*; *Henry v. Cockrell*, 327 F.3d 429, 431 (5th Cir. 2003). When a district court denies a motion on procedural grounds without reaching the underlying constitutional claim, a certificate of appealability should issue when the movant shows, at least, that jurists of reason would find it debatable whether the motion states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the

8

district court was correct in its procedural ruling. *Id.*

In this case, it is recommended reasonable jurists could not debate the denial of Movant's § 2255 motion on substantive or procedural grounds, nor find that the issues presented are adequate to deserve encouragement to proceed. *See Miller-El v. Cockrell*, 537 U.S. 322, 336-37 (2003) (citing *Slack*, 529 U.S. at 484). Accordingly, it is recommended the court find Movant is not entitled to a certificate of appealability.

## VI. RECOMMENDATION

It is recommended the above-styled motion for relief under 28 U.S.C. § 2255 be denied and this case be dismissed with prejudice. It is further recommended a certificate of appealability be denied.

Within fourteen days after service of the magistrate judge's report, any party must serve and file specific written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)( C). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.

Failure to file specific, written objections will bar the party from appealing the unobjected-to factual findings and legal conclusions of the magistrate judge that are accepted by the district court, except upon grounds of plain error, provided that the party has been served with notice that such consequences will result from a failure to object *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*), *superceded by statute on other grounds*, 28 U.S.C. § 636(b)(1)

(extending the time to file objections from ten to fourteen days).

**SIGNED this 8th day of June, 2023.**

_____
Christine A. Nowak
UNITED STATES MAGISTRATE JUDGE